UNITED STATES DISTRICT COURT
FILED
SEP 2 6 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

CHRUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

CYNTHIA A.,

      Plaintiff,

  -v-

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

———————————————————————

21-CV-06295-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11)

Plaintiff Cynthia A.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, and defendant's motion (Dkt. No. 9) is denied.

———————————————

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for SSI on March 16, 2018, with an alleged onset date of January 1, 2001. (Administrative Transcript ["Tr."] 194-219).  The application was initially denied on May 15, 2018.  (Tr. 81-93; 96-107). Plaintiff filed a timely request for an administrative hearing.  (Tr. 108-125). On April 13, 2020, Administrative Law Judge ("ALJ") Andrew J. Soltes, Jr., held a telephone hearing. (Tr. 42-80).  Plaintiff participated via telephone, with counsel.  A vocational expert also testified at the hearing.  At the hearing, the Plaintiff amended the alleged onset date from January 1, 2001, to March 16, 2018.  The ALJ issued an unfavorable decision on May 13, 2020. (Tr. 17-41).  On February 11, 2021, the Appeals Council denied Plaintiff's request for review.  (Tr. 3-8).  This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

- 4 -

§§404.1520(c), 416.920(c).   Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.   *Id.* §§404.1520(d), 416.920(d).   If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.   *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.   Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.   *Id.* §§404.1520(e), 416.920(e).   RFC "is the most [the claimant] can still do despite [his or her] limitations."   *Id.* §§404.1545(a)(1), 416.945(a)(1).   The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.   At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."   *Id.* §§404.1520(f), 416.920(f).   If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.   *Id.* §§404.1520(f), 416.920(f).   Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."   *Id.* §§404.1520(g)(1), 416.920(g)(1).   If the claimant can adjust to other work, he or she is

not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

At the first step of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 16, 2018, the amended alleged onset date. (Tr. 22).  Next, at step two, the ALJ determined that Plaintiff has the following severe impairments: anxiety; panic disorder; depression; sciatica; arthritis; and degenerative joint disease of the lumbar spine.  (Tr. 23).  Next, at step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23-27).  Before proceeding to step four of the sequential evaluation, the ALJ determined that Plaintiff has the RFC

> to perform light work as defined in in 20 CFR 416.967(b) except frequent reaching; occasional stooping and crouching; no kneeling or crawling; no ladders, ropes or scaffolds; no unprotected heights; and avoid the use of heavy machinery as well as motor vehicles for work purposes. Further, the claimant is limited to unskilled low stress occupations, defined as, simple routine tasks, basic work-related decisions, rare changes in the workplace setting, and occasional interacting with the public, coworkers and supervisors.

(Tr. 27-36).

At step four of the sequential evaluation, the ALJ found that Plaintiff has no past,

relevant work. (Tr. 36). At step five of the sequential evaluation, the ALJ determined that

Plaintiff can perform jobs that exist in significant numbers in the national economy. (Tr.

36-37). Accordingly, the ALJ found that Plaintiff is not disabled under the Act. (Tr. 37).

IV.    *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ failed

to explain why he did not include in Plaintiff's RFC any limitations related to Plaintiff's

ability to maintain a regular work schedule and regular attendance at work. The Court

agrees.[3]

On May 9, 2019, Licensed Master Social Worker ("LMSW") Amanda Diaz

completed a mental capacity assessment form opining, *inter alia*, that Plaintiff has a

marked limitation in working a full day without needing more than the allotted number or

length of rest periods during the day, and a moderate limitation in sustaining an ordinary

routine and regular work attendance.  (Tr. 477-79).  In evaluating, LMSW Diaz's opinion,

the ALJ found it only partially persuasive.  He stated that the marked limitation was not

supported by Ms. Diaz's treatment notes, but found that the moderate limitations,

including the moderate limitation related to sustaining an ordinary routine and regular

work attendance, were persuasive. Yet, the ALJ did not include any limitation in the RFC

related to work schedule or job attendance.

On December 23, 2019, LMSW Maddison Campbell, completed a mental capacity

assessment form, opining, *inter alia*, that Plaintiff has moderate limitations in performing

---

[3]Because this matter involves a claim filed after March 27, 2017, a new regulatory framework applies to the ALJ's evaluation of the medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132-01 (Mar. 27, 2017)).

activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, and completing a normal workday or workweek.  The ALJ found Ms. Campbell's opinion to be generally persuasive.  But again, without explanation, the ALJ did not include any limitation in the RFC related to work schedule or job attendance.

"It is beyond dispute that 'an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions.'" *Maenza v. Colvin*, 2016 WL 1247210, at *12 (W.D.N.Y. Mar. 24, 2016) (*quoting Raymer v. Colvin*, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015)); *see also Dioguardi v. Comm'r of Soc, Sec.*, 445 F.Supp.2d 288, 295 (W.D.N.Y. 2006).  Here, the ALJ found the opinions of LMSWs Diaz and Campbell at least partially persuasive and included in his RFC determination some of the limitations to which they opined, but he did not include in the RFC determination any limitation related to work schedule or job attendance, nor did he offer any explanation for not including such limitations.  This was error.

This error is potentially harmful.  Courts have found that a claimant's ability to maintain a regular schedule is generally required for all work.  *See Altman v. Berryhill*, 2017 WL 5634731, at *6 (W.D.N.Y. Nov. 7, 2017), report and recommendation adopted, 2017 WL 5629964 (W.D.N.Y. Nov. 22, 2017) (*citing* Program Operations Manual System (POMS) § DI 25020.010; *Jones v. Berryhill*, 2017 WL 3052748, *7 (D.N.M. 2017)).  Even the vocational expert in this case testified that being off task 10% or greater of the time or having unscheduled absences one to two times per month on a consecutive month basis would not be tolerated by most employers.  (Tr. 76-77).

Thus, this case must be remanded to the ALJ for: (1) an explanation as to why he did not include any limitation related to work schedule or job attendance; and (2) if such

a limitation should be included, an explanation as to whether it would change the disability

determination.[4]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No.

8) is granted, and defendant's motion for judgment of the pleadings (Dkt. No. 9) is denied.

The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      September  26, 2023
            Buffalo, New York

                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge

---

[4] The Plaintiff makes numerous other arguments, which the ALJ should also consider on remand.